**Qian Sheng REN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–4569.**

United States Court of Appeals, Second Circuit.

July 21, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Paula P. Newett, Assistant United States Attorney for the Eastern District of Virginia (Paul J. McNulty, United States Attorney for the Eastern District of Virginia), Alexandria, Virginia, for Respondent.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge.[1]

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and**

---

1. The Honorable David G. Trager, United States District Court for the Eastern District

**DECREED** that the petition for review is hereby **DENIED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

Petitioner Qian Sheng Ren, a citizen of the People's Republic of China, requested asylum based upon an asserted fear of persecution in view of his opposition to China's coercive population control policy. On February 3, 2000, a hearing was held to assess the merits of his asylum application, request for withholding of removal, and claim for relief under the Convention Against Torture. [Red 1]. That day, the Immigration Judge ("IJ") issued an oral decision finding that because the petitioner testified inconsistently and vaguely and offered "memorized" answers on direct while appearing confused on cross-examination, petitioner had failed to establish entitlement to relief. [A 32–44]. The Board of Immigration Appeals affirmed the decision without opinion. [A 2]. On appeal petitioner makes no mention of the Convention Against Torture claim,[2] arguing instead that the IJ erred in making an adverse credibility determination and in finding that the documents submitted by the petitioner were insufficient to establish an asylum claim. Because the IJ's determinations were supported by substantial evidence, we deny the petition.

To qualify for asylum, a potential refugee must establish past persecution or a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42) (defining "refugee"). Once one has established "refugee" status, the Attorney General then has discretion in determining whether to grant asylum to the refugee.

See 8 U.S.C. § 1158(b)(1) (stating A.G. "may" grant asylum); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 70–71 (2d Cir.2004) ("Even if an applicant establishes his eligibility for asylum, however, the Attorney General retains discretion whether to grant the request."). Congress has "extended the definition of political refugee, for the purposes of asylum and withholding claims, to persons subjected to forced abortions or sterilizations." *Zhou Yun Zhang,* 386 F.3d at 71 (citing 8 U.S.C. § 1101(a)(42)). In addition, petitioners may base their claims upon the forced abortion or other coercive family-planning practices compelled upon their spouse. *Id.*

The related remedy of withholding of removal requires an additional element not necessary to establish refugee status but offers a mandatory remedy. *See* 8 U.S.C. § 1231(b)(3)(A); *Zhou Yun Zhang,* 386 F.3d at 71. The petitioner must also establish that if he returned to his country, "his life or freedom would in fact be threatened on one of the protected refugee grounds." *Zhou Yun Zhang,* 386 F.3d at 71. If an applicant fails to meet the requirements for asylum, that necessarily precludes him from satisfying the heavier burden for withholding of removal.

Often, a petitioner's credibility will be central to establishing a claim for asylum. "In reviewing asylum determinations, [this Court] defer[s] to the factual findings of the BIA and the IJ if they are supported by substantial evidence." *Id.* at 73. Thus, this Court "must uphold an administrative finding of fact unless [it] conclude[s] that a reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citing *Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003) (per curiam)). When a factual challenge pertains to a credibility finding made by an IJ, this Court "give[s]

of New York, sitting by designation.

**2.** Accordingly, this claim is waived.

particular deference to the credibility determinations of the IJ." *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997) (citing *Kokkinis v. District Dir. of the INS,* 429 F.2d 938, 942 (2d Cir.1970)).

The question of whether substantial evidence supports a credibility determination turns on whether the IJ provided " 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yan Zhang,* 386 F.3d at 74 (citing *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)). "In short, [this Court's review] is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Id.* Indeed, under this stringent standard—

> [w]here the IJ's adverse credibility finding is based on specific examples in the record of "inconsistent statements" by the asylum applicant about matters material to his claim of persecution, or on "contradictory evidence" or on "inherently improbable testimony" regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.

*Id.* (citing *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000)).

In this case, substantial evidence supported the IJ' adverse credibility finding with respect to petitioner's asylum claim. The IJ found petitioner not credible based upon inconsistent testimony and the petitioner's demeanor during his testimony, when the IJ found petitioner appeared to offer "memorized" testimony on direct but became vague and evasive on cross-examination. [A 40–42]. In light of the record, we cannot say that these findings are unsupported by substantial evidence. There is no merit to petitioner's argument that the IJ gave inappropriate weight to the

submitted documentary evidence or that the documentary evidence alone was sufficient to support his claim. Because an applicant who fails to establish eligibility for asylum cannot make out a claim for withholding of removal, *see id.* at 71, we find that petitioner's claim for withholding of removal fails.

We have considered all of petitioner's claims and find them meritless. We therefore **DENY** the petition.